IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Carey Rich, ) | C/A No.   3:25-cv-12998-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| United States Department of the ) | |
| Treasury, United States Small Business ) | |
| Administration, Joseph A. Affinito, in his ) | |
| official capacity as a housing official for ) | |
| the United States Small Business ) | |
| Administration, ) | |
| ) | |
| Defendants. ) | |

COMES NOW Plaintiff Carey Rich, complaining of the Defendants herein, and would allege and respectfully show unto this Honorable Court as follows:

## INTRODUCTION

1. This action arises from the United States Small Business Administration's ("SBA") and the U.S. Department of the Treasury's ("Treasury") unlawful efforts to collect a decades-old debt. Nearly nineteen years after the underlying loan was issued—and following foreclosure proceedings and a related bankruptcy—the SBA sought to garnish Plaintiff's wages without adequate proof that any enforceable debt remained.

2. Plaintiff, who personally guaranteed the loan at issue in 2003, has repeatedly contested the validity of the alleged debt and the government's authority to collect it. In 2024, the Treasury itself determined that the SBA was unable to confirm the existence of the debt. Despite

1

that determination, the SBA initiated its own in-house administrative wage garnishment proceedings against Plaintiff less than a month later.

3. Defendant Affinito, acting as a Hearing Official for the SBA, conducted a "paper hearing" and, in September 2025, issued a determination authorizing the garnishment of Plaintiff's wages in an amount exceeding the original loan principal by more than $80,000. Defendant Affinito's decision disregarded the applicable statute of limitations; omitted consideration of material evidence concerning loan payments, foreclosure proceeds, and bankruptcy discharge; and offered no reasoned explanation for his conclusions.

4. As a result of Defendants' actions, Plaintiff's wages are currently being garnished in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Plaintiff brings this action to obtain judicial review, enjoin continued garnishment, vacate the unlawful garnishment order, and restore his wrongfully withheld earnings.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendants are officers or agencies of the United States, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

7. Plaintiff, Carey Rich, is an individual and a resident of Columbia, South Carolina.

8. Defendant United States Department of the Treasury is an executive agency of the United States Government. The Treasury is responsible for administering certain debt collection

programs, including the enforcement of administrative wage garnishment actions under 31 U.S.C. § 3720D.

9. Defendant United States Small Business Administration is an agency of the United States government responsible for administering federal loans and loan guarantees. The SBA is authorized to pursuant administrative wage garnishment to collect delinquent debts owed to the agency pursuant to 31 U.S.C. § 3720D.

10. Defendant Joseph A. Affinito is a Housing Official responsible for overseeing administrative wage garnishment proceedings and is sued solely in his official capacity. As the official responsible for implementing and enforcing the wage garnishment challenged in this action, Defendant Affinito is a proper party under 5 U.S.C. § 702 and is subject to the relief sought in this Complaint.

## FACTUAL BACKGROUND

11. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

12. In 2003, Plaintiff's then-wife, Latecia Cobbs-Rich (now known as Latecia Cobbs), established a daycare business called Small Steps, Inc. ("Small Steps") in Columbia, South Carolina.

13. To acquire real property from which to operate the daycare, Small Steps obtained financing through the SBA's Section 504 Loan Program.

14. Under the financing arrangement, First South Bank ("FSB") provided two loans: a term loan in the amount of $262,500 and an interim note in the amount of $207,500.

15. The Certified Development Corporation of South Carolina ("CDC"), working in conjunction with the SBA, provided an additional $216,000 loan to Small Steps. This CDC loan, guaranteed by the SBA, was used to fully satisfy the interim note owed to FSB.

16. As collateral for the CDC loan, the CDC and SBA retained a security interest in the Small Steps property located in Columbia, South Carolina.

17. The loan obligations were personally guaranteed by both Ms. Cobbs and Plaintiff. The loan proceeds were used to purchase the premises from which Small Steps operated.

18. Upon information and belief, Small Steps defaulted on its loan obligations in 2006. That same year, Plaintiff and Ms. Cobbs divorced.

19. Following the default, a foreclosure action was filed in the Court of Common Pleas, and by Judgment of Foreclosure and Order of Sale dated January 12, 2006, the Master in Equity ordered the property to be sold at public auction.

20. At the public action, FSB was the highest bidder, making a credit bid in the amount of $310,088, roughly $50,000 more than the original loan amount. Accordingly, the Master in Equity awarded FSB title by Deed of Judicial Sale dated March 24, 2006, fully satisfying the FSB loan.

21. As a junior lienholder, the SBA was a party to the foreclosure action and, upon information and belief, should have received any excess proceeds remaining after FSB's debt was extinguished.

22. Ms. Cobbs filed for bankruptcy in or around 2006-2007 and, upon information and belief, any deficiency related to the SBA loan was included in that proceeding.

23. Upon information and belief, the SBA received notice of Ms. Cobbs' bankruptcy proceeding but failed to assert or preserve any deficiency claim against Plaintiff.

24. Nearly fifteen years later, in October 2022, the SBA—through the Treasury—initiated Administrative Wage Garnishment ("AWG") proceedings against Plaintiff under 31 U.S.C. § 3720D, seeking to collect on the same debt. Plaintiff timely requested a hearing on November 3, 2022, asserting that he did not owe the debt.

25. At the time of the loan's creation in 2003 and default in 2006, federal law imposed a ten-year statute of limitations on AWG proceedings. The Food, Conservation, and Energy Act of 2008 subsequently eliminated the ten-year statute of limitations, but said change in the law would not be applicable to this pre-existing contractual matter.

26. On October 16, 2024, nearly two years after the initiation of AWG proceedings, the Treasury notified Plaintiff that the SBA "was unable to provide records indicating that they can enforce collection at this time." Thus, the Treasury determined that there was "not sufficient evidence to verify the existence of the debt and its validity" and terminated AWG proceedings.

27. Despite the Treasury's finding, and apparently dissatisfied with same, the SBA began its own internal AWG proceeding on November 12, 2024, pursuant to 13 C.F.R. § 140.11. Plaintiff again, timely requested a hearing on December 2, 2024, reiterating that he did not owe the debt.

28. 13 C.F.R. § 140.11, enacted in 2005, sets forth the procedures for the SBA's internal collection hearings and did not exist at the time Plaintiff's loan was created.

29. On July 24, 2025, Defendant Affinito ostensibly denied Plaintiff's request for a formal hearing and informed Plaintiff that the matter would proceed based solely on written submissions. Plaintiff responded on August 28, 2025, emphasizing that the SBA had previously failed to substantiate the debt and had provided no new documentation establishing its existence or validity. Plaintiff also raised a statute of limitations defense, asserting that the SBA's collection

efforts were time-barred based on the 10-year statute of limitations under the law applicable to this contractual matter.

30. On September 10, 2025, Defendant Affinito issued a determination finding that Plaintiff owed a delinquent debt of $299,219.78—over $80,000 more than the original loan amount—and authorized garnishment of Plaintiff's wages.

31. Defendant Affinito's decision failed to address Plaintiff's statute of limitations argument or articulate any legal basis for disregarding it. Defendant Affinito also failed to consider material facts, including Plaintiff's prior payments on the loan, the application of foreclosure sale proceeds, and the effect of Ms. Cobbs' bankruptcy proceedings on any remaining debt obligation.

32. Pursuant to Defendant Affinito's decision, Plaintiff's wages are currently being garnished, causing him significant and ongoing financial harm.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of the Administrative Procedure Act, 5 U.S.C. §§ 701-706.)**

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Defendant Affinito's September 10, 2025 wage garnishment determination constitutes final agency action within the meaning of 5 U.S.C. § 704, as it marks the consummation of the administrative decision-making process and directly affects Plaintiff's rights and obligations by wrongfully authorizing the garnishment of his wages.

35. Under 5 U.S.C. § 706(2), this Court must hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, contrary to constitutional rights, in excess of statutory authority, without observance to procedure required by law, or otherwise not in accordance with law.

36. Defendants' actions were arbitrary and capricious because they:

    a. Relied on 13 C.F.R. § 140.11 to initiate internal AWG proceedings despite the fact that the regulation did not exist at the time Plaintiff's loan was created;

    b. Failed to consider relevant factors, including Plaintiff's payments on the loan, the satisfaction of the debt through foreclosure, and the effect of Ms. Cobbs' bankruptcy discharge;

    c. Relied on incomplete or inaccurate loan records that the Treasury itself previously acknowledged were insufficient to substantiate the debt;

    d. Failed to consider Plaintiff's arguments disputing the enforceability of the debt;

    e. Failed to consider the fact that the loan in question is governed by the law existing at the time the loan was signed, which included a 10-year statute of limitations for initiation of any AWG proceedings, making the matter time-barred; and

    f. Failed to provide a reasoned explanation for the amount or continued enforceability of the debt.

37. Defendants' actions were also contrary to law in that they violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments by subjecting him to wage garnishment without reliable evidence of a valid, enforceable debt or meaningful opportunity to contest the same.

38. Defendants further acted in excess of statutory authority by pursuing collection on a debt that was satisfied, discharged, or otherwise time-barred.

39. Defendant Affinito failed to adhere to the procedure required by 31 U.S.C. § 3720D(c)(3), which requires the hearing official to issue a final decision no later than 60 days after the filing of a petition requesting a hearing.

40. As a direct and proximate result of these unlawful actions, Plaintiff has suffered and continues to suffer financial harm through the wrongful garnishment of his wages.

41. Plaintiff is entitled to declaratory and injunctive relief vacating Defendant Affinito's September 10, 2025 decision, enjoining Defendants from continuing to garnish Plaintiff's wages, and ordering the return of all wrongfully garnished wages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

42. Declare that Defendant Affinito's decision authorizing the garnishment of Plaintiff's wages violates the APA;

43. Vacate and set aside Defendant Affinito's decision authorizing the garnishment of Plaintiff's wages;

44. Enjoin Defendants from undertaking or continuing any wage garnishment or other collection efforts against Plaintiff;

45. Order Defendants refund all amounts improperly garnished;

46. Award Plaintiff his costs and reasonable attorney's fees pursuant to 28 U.S.C. § 2412; and

47. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

SMITH | ROBINSON

*s/ Daniel C. Plyler*
Daniel C. Plyler, Fed. ID No. 9762
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com

*Counsel for Plaintiff*

Columbia, South Carolina

October 15, 2025